# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR No. 9-06 |
| | ) | CV No. 16-144 |
| ANTHONY JEROME JONES | ) | |
| | ) | |

## OPINION AND ORDER

### SYNOPSIS

In this action, Defendant pleaded guilty to a single count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. 922(g)(1). On February 12, 2010, he was sentenced to a term of imprisonment of 211 months, followed by a term of supervised release. His sentence was based, in part, on the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] Before the Court is Defendant's Amended Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing that his ACCA sentence is no longer valid. For the following reasons, Defendant's Motion will be granted, and this matter transferred to Judge Cercone for further proceedings.

### OPINION

### I. APPLICABLE STANDARDS

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A

---

[1] Judge McLaughlin presided over Defendant's sentencing; the matter was later transferred to Judge Cercone. It was then transferred to my docket on November 30, 2016.

district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). In this case, a hearing is unnecessary, and the amended Motion will be disposed of on the record.

## II. DEFENDANT'S MOTION

### A. Timeliness

The Government first challenges the timeliness of Defendant's Motion. In so doing, the Government asserts that Defendant's Motion does not actually rely on Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 192 L Ed. 2d 569 (2015) ("Johnson II") because his predicate crimes implicated the so-called "force" or "elements" clause of Section 924(e), rather than merely the residual clause invalidated in Johnson II. Thus, it argues, his claim actually and impermissibly relies on Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010) ("Johnson I"). The Government's timeliness argument, in essence, would place the burden on Defendant to demonstrate that his sentence actually rested on the residual clause. This Court has rejected such a burden allocation. See, e.g., United States v. Wilson, No. 12-09, 2017 U.S. Dist. LEXIS 42175, at **3-4 (W.D. Pa. Mar. 23, 2017). Moreover, Defendant raises a valid Johnson II claim, as he contends that his convictions are not valid predicates because the residual clause is no longer an option; he raises Johnson I to demonstrate that they also fail to fulfill ACCA's force clause. Cf., e.g., Thrower v. United States, No. 4-903, 2017 U.S. Dist. LEXIS 45776, at **15-18 (E.D.N.Y. Feb. 13, 2017). Therefore, Defendant's Motion timely raises a Johnson II claim.

**B. ACCA**

Defendant argues that his sentence exceeds the ten-year statutory maximum for his Section 922(g) conviction, and also that his three prior convictions for attempted robbery, robbery, and second-degree assault, all under New York law, no longer qualify as predicate offenses. In response, the Government argues that Defendant's convictions did not involve the now-invalid residual clause, but instead the "force" provision of 924(e)(2)(B)(i). The Government submits three prior convictions to support its position: those for first-degree robbery, under New York Penal Law § 160.15(4); second-degree assault, under New York Penal Law § 120.05(2); and attempted robbery, under New York Penal Law §§ 160.15(2) and 110.00. For present purposes, I will assume that the Government has established the fact of all three prior convictions.

An ACCA sentence must be based on three convictions for "violent felonies," the definition of which includes a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). It is not enough, however, that force be an element of the crime; instead, in this context, "'physical force' means violent force — that is, force capable of causing physical pain or injury to another person." Johnson I, 559 U.S. at 140. "Therefore, a crime that requires less-than "violent" …cannot qualify as a violent felony under the ACCA." United States v. Johnson, No. 15-32, 2016 U.S. Dist. LEXIS 156841, at *13 (E.D.N.Y. Nov. 12, 2016) (quoting Johnson I, 559 U.S. at 140).

I will assume that Defendant's convictions under Sections 120.05(2) and 160.15(4) both qualify as violent felonies under this clause. See Morris v. Holder, 676 F.3d 309 (2d Cir. 2012) (quoting United States v. Walker, 442 F.3d 787, 788 (2d Cir. 2006)) (§ 120.05(2)); United States

3

v. Mariano, 636 F. App'x 532, 542 (11th Cir. 2016) (same); Stuckey v. United States, 2016 U.S. Dist. LEXIS 166291, at **15-16 (S.D.N.Y. Dec. 1, 2016) (§ 160.15(4)).

Defendant's third potential conviction, however, presents a more difficult question. The parties agree that Defendant was convicted under New York Penal Law § 160.15(2), which provides as follows:

> A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
> ***
> 2. Is armed with a deadly weapon.

Moreover, all New York robbery falls within the provisions of New York Penal Law § 160.00, which provides as follows:

> Robbery is forcible stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:
>
>   1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
>
>   2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.

Several recent cases support the conclusion that the "forcible stealing" required for New York robbery does not involve the "violent force" necessary to sustain an ACCA sentence. In United States v. Moncrieffe, 167 F. Supp. 3d 383, 406 (E.D.N.Y. 2016), the court considered whether a New York conviction for first-degree robbery pursuant to Section 160.15 qualified under the force clause of 18 U.S.C. § 16. Absent a specific subsection of conviction, the court observed that the categorical approach "requires an analysis of the 'least of th[e] acts criminalized.'" Id. at 404. After surveying state court cases, it concluded that "[t]he minimum conduct under any grade or subsection of the New York robbery statute does not require violent

4

physical force." Id. at 404-05.² Similarly, in Thrower v. United States, No. 4-903, 2017 U.S. Dist. LEXIS 45776 (E.D.N.Y. Feb. 13, 2017), the court considered a predicate offense of third degree robbery, in violation of New York Penal Law § 160.05, which provides that "[a] person is guilty of robbery in the third degree when he forcibly steals property." Id. at **25-26. After considering state court decisions, the Thrower court determined that New York robbery convictions do not necessarily involve the use of "violent force," as required for an ACCA predicate. Id. at **26-28.³ Finally, in United States v. Johnson, 2016 U.S. Dist. LEXIS 156841, at **11-12, the court found that New York third-degree robbery, which penalizes one who "forcibly steals," is not a qualifying predicate under the force clause of U.S.S.G. § 4B1.2. Each of these cases engaged in a thorough and careful analysis of federal and state law. None, however, considered the impact of an aggravating factor such as that addressed in Section 160.15(2), under which Defendant was convicted.

The Second Circuit, however, directly addressed Section 160.15(2) in United States v. Jones, 830 F. 3d 142, 151 (2d Cir. 2016), in the context of a career offender sentence under the Sentencing Guidelines. Jones was vacated pending the Supreme Court's decision in Beckles v. United States, __U.S.__, 137 S. Ct. 886, 897, 197 L. Ed. 2d 145 (2017), and proceedings are ongoing. United States v. Jones, No. 15-1518, 2016 U.S. App. LEXIS 17868 (2d Cir. Oct. 3, 2016). Although Jones is no longer extant precedent, its analysis and reasoning are noteworthy, particularly as the grounds on which the case was vacated are unrelated to the issues at bar. Cf., e.g., Save Our Cumberland Mountains, Inc. v. Lujan, 963 F.2d 1541, 1548 (D.C. Cir. 1992).

---

² Although Moncrieffe considered 18 U.S.C. § 16, the case remains instructive. See Addo v. AG of United States, 355 F. App'x 672 (3d Cir. 2009).
³ Defendant was convicted of the inchoate crime of attempt, as defined by New York Penal Law § 110.00 in conjunction with Section 160.15(2). The Government argues only that because robbery is a valid predicate offense, attempted robbery qualifies as well. As I find that the underlying crime is not a qualifying ACCA predicate, I reject the Government's contention.

Lacking a record of underlying conviction and the consequent ability to perform a modified categorical analysis, the Jones Court considered whether Section 160.15(2), the "least" of the acts described in New York's first-degree robbery statute, qualified as a "crime of violence" under U.S.S.G. §§ 4B1.1 and 4B1.2. Jones, 830 F. 3d at 148.

The Court first reiterated that the Guidelines' force clause – which is similar to ACCA's force clause – connotes "strong physical force" or "violent force." Id. at 146-47 (quoting Johnson I, 559 U.S. at 140). [4] The Court reasoned that state courts have "made clear" that forcible stealing alone, which is involved in all degrees of New York robbery, does not categorically involve the use of "violent force." Id. at 149. It then turned to the question of whether "the less-than-violent force that is required for 'forcible stealing' becomes 'violent force'…when the perpetrator is 'armed with a deadly weapon' as specified in [Section 160.15(2)]." Id. The Court noted that a defendant could be convicted under Section 160.5(2) based on mere possession of a weapon, absent use, brandishing, or the like. Id. After a thorough analysis, it then concluded that mere presence of a weapon "cannot turn what is otherwise less-than-violent force into violent force." Id. at 150. The Court stated as follows: "In sum…because a defendant can be convicted of first-degree robbery under New York Penal Law § 160.15(2) without necessarily using violent force, a first-degree robbery conviction obtained pursuant to this subsection cannot serve as a predicate conviction for a career offender enhancement." Id. at 151.

---

[4] The Government argues that Johnson I does not apply on collateral review. The unreported decision Belk v. United States, No. 16-765, 2016 U.S. App. LEXIS 7657 (2d Cir. Apr. 19, 2016), to which the Government cites, is inapplicable here. In Belk, the issue of retroactivity arose in the context of whether petitioner should be granted leave to file a second or successive motion pursuant to Section 2255(h)(2). In addition, Belk addressed Johnson II, not Johnson I. Like others, I decline to rely on Belk. See Diaz, at **10-11.

6

While I do not per se follow the vacated decision in Jones, I am persuaded by the analysis therein and the reasoning in cases such as Thrower. Johnson I has clarified that ACCA requires that a statute of conviction involve "violent force." Johnson I, 559 U.S. at 141. As discussed supra, it is clear that "forcible stealing" can be accomplished with minimal, less-than-violent force – actions such as bumping a victim, or blocking his path. See, e.g., People v. Lee, 602 N.Y.S.2d 138, 139 (N.Y. App. Div. 1st Dep't 1993); People v. Bennett, 631 N.Y.S.2d 834, 834 (N.Y. App. Div. 1st Dep't 1995); Moreover, Section 160.15(2) in particular can be violated by mere possession of a weapon. See People v. Mason, 922 N.Y.S.2d 659, 660 (App. Div. 3rd Dep't 2011). Mere possession does not fulfill the "force" prong of ACCA. See, e.g., United States v. Parnell, 818 F. 3d 974, 980 (9th Cir. 2016); United States v. Moore, 203 F. Supp. 3d 854, 861 (N.D. Oh. 2016). Thus, this factor cannot convert the less-than-violent "forcible stealing" into a "violent felony" within the meaning of ACCA. In accord with recent and well-reasoned District Court caselaw postdating Johnson I, therefore, I conclude that a violation of New York Penal Law § 160.15(2) does not qualify as a violent felony under ACCA's force clause.

I am aware of cases decided by the Court of Appeals for the Second Circuit, prior to Jones, suggesting that New York robbery is a qualifying predicate under the force clauses that might apply in the sentencing context. United States v. Brown, 52 F. 3d 415 (2d Cir. 1994); United States v. Spencer, 955 F. 2d 814 (2d Cir. 1992); see also United States v. Kornegay, 641 F. App'x 79, 85 (2d Cir. 2016); United States v. Bennett, 604 F. App'x 11, 15 (2d Cir. 2015).[5]

---

[5] Several courts outside of the Second Circuit have followed suit, citing to and relying on the "force" statements in Bennett or Kornegay, summarily and without analysis. See Primus v. United States No. 16-90, 2017 U.S. Dist. LEXIS 33853 (N.D.W.V. Mar. 9, 2017); United States v. Nieves-Galarza, No.11-57, 2017 U.S. Dist. LEXIS 3579 (M.D. Pa. Jan. 10, 2017); Lopez v. United States, No. 16-26, 2016 U.S. Dist. LEXIS 44360 (E.D. Tenn. Apr. 1, 2016). I take particular note of Nieves-Galarza, as it was decided within the Third Circuit. Therein, the court invoked the principle that it must defer to state court decisions on state law, and based thereon relied on the Second Circuit's decisions in Bennett and Kornegay. Nieves-Galarza, 2017 U.S. Dist. LEXIS 3579, at **3-4.

None of these, however, offer meaningful analysis of the issue at bar. Moreover, District Courts in New York have opined that Brown and Spencer are no longer viable in light of Johnson I, and declined to follow their holdings. See, e.g., Thrower, 2017 U.S. Dist. LEXIS 45776, at \*\*25, 28 n. 8; Diaz v. United States, 2016 U.S. Dist. LEXIS 116619, at \*\*10-11.[6] As for Bennett and Kornegay, both were non-precedential summary orders. Cf. Hoefer v. Board of Educ. of Middletown, 820 F. 3d 58, 65 (2d Cir. 2016). Accordingly, I decline to follow those cases.

## CONCLUSION

In sum, Defendant's ACCA sentence was not based on three valid predicate offenses, and his Motion to Vacate will be granted. This matter will be transferred to Judge Cercone, who will determine and conduct all further proceedings. An appropriate Order follows.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

---

[6] In contrast, in Boone v. United States, No. 2-1185, 2017 U.S. Dist. LEXIS 12532, at \*\*2-4 (S.D.N.Y. Jan. 30, 2017), the court recognized that Johnson I, Jones, and other cases have cast doubt on Brown, but found that it was not at liberty to disregard its Circuit Court's decision in Brown.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR No. 9-06 |
| | ) | CV No. 16-144 |
| ANTHONY JEROME JONES | ) | |
| | ) | |

**ORDER**

AND NOW, this 11th day of May, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is GRANTED. The Clerk of Courts shall transfer this matter to Judge Cercone for further proceedings.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court